UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DAVID W. FIORE :
:
v. : C.A. No. 11-064L
:
STEPHEN J. CAPINERI, RHODE :
ISLAND FAMILY COURT :
JUSTICE :

**REPORT AND RECOMMENDATION
FOR DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

On February 23, 2011, Plaintiff David W. Fiore filed a civil rights action against Rhode Island Family Court Justice Stephen J. Capineri. (Document No. 1). Plaintiff identifies Justice Capineri as the judge who made certain rulings in a family court matter (Richards v. Fiore, No. K06-0118 (Kent County Family Court)) involving Plaintiff's ex-wife and minor daughter. Plaintiff's Complaint was accompanied by an Application to Proceed Without Prepayment of Fees and Affidavit ("IFP"), including the $350.00 civil case filing fee. (Document No. 2). After reviewing Plaintiff's Application to Proceed IFP, this Court concludes that he is unable to pay fees and costs in this matter and thus, his Application to Proceed IFP (Document No. 2) is GRANTED.

Having granted IFP status, this Court is required by statute to further review the Plaintiff's Complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, this Court recommends that Plaintiff's Complaint be DISMISSED because it is "frivolous," "fails to state a

claim on which relief may be granted" and seeks relief from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

**Facts**

In 2001, Plaintiff was convicted of drug trafficking in the District of New Hampshire and received a substantial federal prison sentence. See United States v. David Fiore, No. 1:00-CR-0070-JD-3 (D.N.H.). In 2006, while Plaintiff was incarcerated, Plaintiff's wife, Christine Richards, filed for divorce in Kent County Family Court. See Richards v. Fiore, No. K06–118 (Kent County Family Court). It appears that Ms. Richards was granted a final divorce from Plaintiff on October 10, 2006 and that she is remarried and resides in Maryland with their minor daughter.

Plaintiff was released from federal prison in early 2010 and thereafter filed various pro se pleadings in the Rhode Island Family Court seeking visitation with his daughter and other relief. Plaintiff contended, in part, that he was denied due process of law while representing himself in the 2006 divorce proceedings. On April 13, 2010, the Family Court, by Justice Capineri, dismissed Plaintiff's motion for visitation for lack of jurisdiction and, on August 3, 2010, denied Plaintiff's Motion for Reconsideration "as the State of Rhode Island no longer has jurisdiction of the within matter." (Document No. 1-4 at p. 5). In his Motion for Reconsideration filed in the Family Court, Plaintiff claimed that he was "deprived of his due process before the Court's final judgment of divorce on October 10, 2006" and that such due process violation "renders the inadvertent final judgment of divorce as moot." (Document No. 1-3 at p. 29). He also informed the Family Court that his Motion allowed the Court "to investigate and correct its' [sic] inadvertent mistake now before [he] seeks judicial review within the United States District Court." (Document No. 1-3 at p. 31). From the Family Court docket, it appears that Plaintiff continued filing pleadings in the Family

Court after the denial of his Motion for Reconsideration. (Document No. 1-1). There is no indication in Plaintiff's Complaint if he has sought appellate relief from the Rhode Island Supreme Court.

In his civil rights Complaint in this Court, Plaintiff sues Justice Capineri in his official capacity as a state judicial officer. Plaintiff's Complaint seeks a judgment from this Court declaring the actions of Justice Capineri to be unconstitutional; and an Order that the final divorce decree entered by the Family Court on or about October 10, 2006 is "moot," that jurisdiction remains in Rhode Island regarding the issue of his minor child, and that he be granted a new hearing vacating the final judgment of divorce entered in 2006. (Document No. 1 at pp. 9-10). Finally, Plaintiff's Complaint alleges that Justice Capineri "wrongfully denied" his petition of "duty of state courts to hear federal questions" on February 4, 2011 and that Plaintiff filed an Objection on February 18, 2011 and requested a hearing date which is pending at this time. Id. at pp. 6-7.

**Standard of Review**

Section 1915 of Title 28 requires a Federal Court to dismiss an action brought thereunder if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The standard for dismissal under § 1915(e)(2) is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams,

490 U.S. 319, 325 (1989). "Where the court has no subject matter jurisdiction there is 'no rational argument in law or fact' to support the claim for relief and the case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)." Mack v. Massachusetts, 204 F. Supp. 2d 163, 166 (D. Mass. 2002) (quoting Mobley v. Ryan, 2000 WL 1898856, at *1 (N.D. Ill. Dec. 29, 2000)) (citations omitted). A complaint may also be dismissed under Section 1915(e)(2) if it is barred by the doctrine of judicial immunity. "A judge is absolutely immune from liability in civil actions arising out of the performance of his judicial functions unless the judge's actions are taken in the 'clear absence of all jurisdiction.'" DeWitt v. Ventetoulo, 803 F. Supp. 580, 582 n.2 (D.R.I. 1992), quoting Stump v. Sparkman, 435 U.S. 349, 357 (1978). See also Tamburro v. City of East Providence, 981 F.2d 1245 (1st Cir. 1992), 1992 WL 380019 (1st Cir. 1992) (unpublished opinion) ("the actions of a state court judge in denying in forma pauperis status are protected by judicial immunity and thus provide no legitimate basis for § 1983 liability").

**Discussion**

This Court is recommending that Plaintiff's Complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaint as true, and drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to the facts alleged in Plaintiff's Complaint, the Court lacks subject matter jurisdiction over the claims set forth by Plaintiff.

In his Complaint, Plaintiff asks this Court to overturn and vacate Rhode Island Family Court decisions in the 2006 divorce/child custody case commenced against him by his ex-wife. Under the Rooker-Feldman doctrine, however, this Court is unable to review his claim. In the federal system, only the United States Supreme Court arguably would have jurisdiction to review a case that was litigated and decided in the state court and to correct state court judgments. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-416 (1923). The Rooker-Feldman doctrine limits federal court jurisdiction over cases, such as this one, "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). This Court does not, however, offer any opinion on Plaintiff's right to appeal or seek further relief in the State Court system.

In addition, Plaintiff brings his claims solely against Family Court Justice Capineri and sues him for actions taken in his capacity as an Associate Justice of the Rhode Island Family Court. Justice Capineri plainly had jurisdiction under Rhode Island state law (R.I. Gen. Laws § 8-10-3) to act on the pro se post-judgment motions filed by Plaintiff in the divorce action initiated by Plaintiff's ex-wife in Rhode Island Family Court. Since Justice Capineri acted within the scope of his jurisdiction, he is entitled to absolute judicial immunity from suit for the actions challenged by Plaintiff in this case. See Memorandum and Order dated April 8, 2010 in Fiore v. Thornton, C.A. No. 10-10330-NMG (D. Mass. 2010) at p. 9 (dismissing Plaintiff's claims against a federal judge on grounds of "absolute judicial immunity from civil suit" and noting that Plaintiff "cannot raise due

process violations here simply because he disagrees with Judge Young's assessment of the merits of his prior lawsuit").

Having thoroughly reviewed Plaintiff's Complaint (including exhibits) and relevant case law, this Court recommends, for the reasons discussed above, that Plaintiff's Complaint (Document No. 1) be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond  
LINCOLN D. ALMOND  
United States Magistrate Judge  
March 3, 2011